**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

SARAH HOPKINS,

                Plaintiff,

                                          1:11-CV-936
        v.                                   (NAM/DRH)

WILLIAM GLADYS, in his official and individual capacity;
TROY CITY POLICE DEPARTMENT; DAWN DAUNBROPHY,
in her official and individual capacity; NYS DEPARTMENT
OF CORRECTIONS; PO ROSA, individual and in her official
capacity; PO ROBERT THAYER, individually and in his
official capacity; PO MUIBAH COLEMAN, individually and
in his official capacity; and NYS DIVISION OF PAROLE,

                Defendants.

APPEARANCES

SARAH HOPKINS
Plaintiff pro se
Columbia County Jail
85 Industrial Tract
Hudson, New York   12534

DAVID R. HOMER
U.S. Magistrate Judge

**REPORT-RECOMMENDATION AND ORDER**

**I. Background.**

    Presently before this Court is an application to proceed in forma pauperis and a civil rights complaint filed by Sarah Hopkins ("Hopkins" or "plaintiff"). Hopkins has not paid any fee relating to this action. Dkt. Nos. 1, 2. Additionally, Hopkins as filed a motion to Appoint the U.S. Marshal to serve the summonses and complaints. Dkt. No. 3.

    Hopkins brings this action alleging false arrest and malicious prosecution. It appears Hopkins is presently incarcerated on a violation of probation which is the basis of the claims

in her civil rights complaint. For a complete statement of Hopkins' claims, reference is made to the complaint. Dkt. No. 1.

## II.  Initial Screening

The Court has reviewed Hopkins' *in forma pauperis* application. *See* Dkt. No. 2. Because Hopkins sets forth sufficient economic need, the Court finds that Hopkins qualifies to proceed *in forma pauperis*.

Having found that Hopkins meets the financial criteria for commencing this case *in forma pauperis*, the Court must now consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. See id.

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim

2

upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints).

### A.   Defendant NYS Department of Corrections

Hopkins names the NYS Department of Corrections as a defendant in this action. However, Hopkins' only claim as to the NYS Department of Corrections is a reference that defendant is the employer of the individually-named defendants and that defendant NYS Department of Corrections failed to take any effective action to prevent police personnel from engaging in alleged misconduct. See Dkt. No. 1 at 1, 4. However, it appears that the individual defendants are employees of the City of Troy Police Department or the New York State Division of Parole.

Additionally, to the extent that Hopkins seeks money damages from the New York State Department of Corrections ("DOCS"), it is well settled that the Eleventh Amendment protects a state from suit for monetary damages. *See Will v. Michigan Dep't of Police*, 491 U.S. 58, 71 (1989); *see also Anonymous v. Kaye*, No. 97-CV-1064, 1997 WL 781477, at *2 (N.D.N.Y. Dec. 15, 1997). Thus the claims against the NYS Department of Corrections fails to state a claim upon which relief may be granted and is subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1). Accordingly, the NYS Department of Corrections should be dismissed from the complaint.

### III. Conclusion

WHEREFORE, it is hereby

**RECOMMENDED** that the claim against the NYS Department of Corrections be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and N.D.N.Y.L.R. 5.4(a);  and it is further

**ORDERED** that Hopkins' *in forma pauperis* application is granted.[1]  The Clerk shall issue summonses and forward them, along with a copy of the complaint and a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, to the United States Marshal for service upon the remaining named defendants;[2] the Clerk shall forward a copy of the summons and complaint by mail to the Office of the New York State Attorney General, together with a copy of this order; and it is further

**ORDERED** that Hopkins' motion to appoint U.S. Marshal to serve the summonses and complaint (Dkt. No. 3)  is **DENIED** as moot in light of her pro se status; and it is further

**ORDERED** that the Clerk is directed to schedule a Rule 16 conference before the assigned Magistrate Judge, and it is further

**ORDERED**, that the Clerk provide the Superintendent of the facility designated by plaintiff as his current location with a copy of plaintiff's authorization form, and notify the

---

[1]  Hopkins should note that he will still be required to pay fees that he may incur in this action, including but not  limited to copying and/or witness fees.

[2] Hopkins is directed to complete a summons for each defendant  giving complete address information sufficient for completion of service, and to provide the Clerk's Office with the appropriate number of copies of the complaint for service.

4

official that this action has been filed and that plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED**, that the Clerk provide a copy of plaintiff's authorization form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED**, that a response to the complaint be filed by defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on defendants; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 5th Floor, James T. Foley U.S. Courthouse, 445 Broadway, Albany, New York.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing the date that a true and correct copy of same was mailed to all opposing parties or their counsel.  Any document received by the Court or the Clerk that does not include a proper certificate of service will be returned without processing.**  Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court; and it is further

**ORDERED** that the Clerk serve plaintiff with a copy of this report-recommendation by regular mail and certified mail, return receipt requested.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**SO ORDERED.**

_David R. Homer_
United States Magistrate Judge

Dated:  August 10, 2011
        Albany, New York

6